IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:23-CV-456-S-BK |
| | § | |
| $25,000 IN U.S. CURRENCY, | § | |
| DEFENDANT *IN REM*. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-346*, *United States' Unopposed Motion for Default Judgment and Final Judgment of Forfeiture*, Doc. 10, is before the Court for the issuance of findings and a recommended disposition. As detailed herein, Plaintiff's motion should be **GRANTED**.

**I. BACKGROUND**

The Government seeks the forfeiture of $25,000 in United States currency (the "Property") seized from Kevin Lamont Ealy Jr. ("Ealy") at the Dallas-Fort Worth International Airport ("DFW"). Doc. 1 at 2. On April 5, 2023, the Government provided notice to Ealy of the instant civil action, as required by Federal Rules of Civil Procedure Supplemental Rule G(4)(b). Doc. 8-2 at 2-3; Doc. 10 at 2. March 2-31, 2023, the Government also published notice of its intent to seek forfeiture on its official forfeiture website. Doc 7-1 at 1. After Ealy and any other interested persons or entities (collectively, "Potential Claimants") failed to timely file an administrative claim seeking return of the Property or otherwise defend against this suit, the Clerk entered a default against the Potential Claimants upon the Government's request. Doc. 8. The Government then filed the instant motion for default judgment under Federal Rule of Civil

Procedure 55, requesting (1) a default judgment against the Potential Claimants' right, title, and interest in the Property; and (2) a final judgment forfeiting all right, title, and interest in the Property to the United States. Doc. 10-1.

## II. APPLICABLE LAW

Rule 55 provides the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. The entry of default judgment is the culmination of three events: (1) default, which occurs when a defendant has failed to plead or otherwise respond to the complaint within the time allowed under Federal Rule of Civil Procedure 12; (2) entry of default by the clerk after such default is established by affidavit or otherwise; and (3) application by plaintiff to the Court for a default judgment after the entry of default. FED. R. CIV. P. 55(a), (b)(2).

However, a plaintiff is not entitled to a default judgment solely on the defendant's default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206. The decision to grant a default judgment is one soundly within the district court's discretion. *Lewis*, 236 F.3d at 767. "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)). There must be a sufficient basis in the pleadings for a court to enter judgment by default. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Defendants, by virtue of having a default entered against them, are deemed to have admitted the well-pleaded allegations of the complaint and are precluded from contesting the established facts. *Id.* (citations omitted).

### III. ANALYSIS

#### A. Notice

A judgment of forfeiture may not be entered unless the Government has provided sufficient notice. FRCP SUPP AMC RULE G(4)(a)(i).[1] Notice of the action must be published "within a reasonable amount of time after filing the complaint or at a time the court orders." *Id.* Publication may be accomplished by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days." *Id.* at G(4)(a)(iv)(C). Additionally, the Government must "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government." *Id.* at G(4)(b)(i). "The notice must state: (A) the date [it] was sent; (B) the deadline for filing a claim, at least 35 days after the notice is sent"; (C) that an answer or Rule 12 motion must be filed within 21 days of filing the claim; and (D) "the name of the government attorney to be served with the claim and answer." *Id.* at G(4)(b)(ii)(A)-(D).

Here, upon review, the Court concludes that the Government provided sufficient notice to the Potential Claimants by personally serving Ealy and publishing the notice on its official forfeiture website, www.forfeiture.gov, for at least 30 consecutive days. Additionally, both notices included the requisite information under Supplemental Rule G(4)(b)(ii)(A)-(D). *See* Doc. 7-1 (notice on the Government's official forfeiture website); Doc. 8-2 (notice to Ealy).

#### B. Sufficiency of Complaint

Under the Civil Asset Forfeiture Reform Act ("CAFRA"), which governs all federal forfeiture proceedings, the Government bears the initial burden of establishing by a

---

[1] Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G

3

preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). The Government contends the Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C) because (1) "it is moneys furnished by any person in exchange for a controlled substance, traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846"; and (2) it is property "which constitutes or is derived from violation of 18 U.S.C. § 1952." Doc. 1 at 1.

Where, as here, one of "the Government's theor[ies] of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the Government must establish a "substantial connection between the property and offense." 18 U.S.C. § 983(c)(3). Additionally, under the Supplemental Rules, the complaint in a forfeiture action *in rem* arising from a federal statute must:

> (a) be verified; (b) state the grounds for subject matter jurisdiction, *in rem* jurisdiction over the property, and venue; (c) describe the property with reasonable particularity; . . . (e) identify the statute under which the forfeiture action is being brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

FED. R. CIV. P. SUPP. G(2). The Supplemental Rules further provide that "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." FED. R. CIV. P. SUPP. E(2)(a).

The Government's civil forfeiture complaint satisfies Rule G(2)'s requisites. First, in a *Verification* attached to the complaint, DEA Special Agent Sean D. Kassouf "verified under penalty of perjury . . . that the factual statements contained [in the complaint] are true and correct." Doc. 1 at 18; *see In re Ramu Corp.*, 903 F.2d at 315 (finding that a DEA agent's

declaration, which was attached to the complaint and contained similar language as here, adequately verified the complaint).

Moreover, the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue are clearly stated. Subject matter jurisdiction is proper as federal district courts have "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. *In rem* jurisdiction is appropriate as federal district courts have "original jurisdiction . . . of any action or proceeding for the recovery or enforcement of any . . . forfeiture . . . incurred under any Act of Congress." 28 U.S.C. § 1355(a). Venue is suitable as forfeiture actions "may be brought in the district court for the district in which any of the acts or omissions" leading to the forfeiture took place. 28 U.S.C. § 1355(b)(1).

The Complaint also provides a reasonably detailed description of the Property. *See* Doc. 1 at 9 ("The seized [Property] totaled $25,000," consisting of "203 $100 dollar bills, 16 $50 dollar bills, 174 $20 dollar bills, and 42 $10 dollar bills.") (errors in original). Additionally, it identifies the applicable forfeiture statutes, namely, 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6). Doc. 1 at 1.

Finally, the complaint sufficiently states facts to support a reasonable belief that the Government could carry its burden of proof at trial, including, *inter alia*, that: (1) Ealy attempted to use the federal aviation system to transport a large amount of cash, which is not typical of legitimate airport travelers; (2) Ealy attempted to hide the contents of a small black pouch from law enforcement after his boarding pass did not scan properly; (3) when questioned, Ealy provided evasive statements about his lack of luggage and travel plans; (4) a trained canine positively alerted to the odor of narcotics in Ealy's backpack; (5) officers could smell the odor of marijuana coming from his backpack; (6) officers searched Ealy's backpack and discovered the

Property, which had been bundled in a manner consistent with other drug traffickers previously intercepted at DFW; (7) Ealy failed to provide a credible explanation regarding the source of the Property and its intended use during his trip; (8) Ealy was in possession of multiple cellphones, which is common practice for drug traffickers; (9) cryptic text messages on Ealy's cellphones indicated that he intended to engage in interstate drug trafficking; (10) Ealy's cellphone data revealed multiple one-day trips between Dallas and Los Angeles; and (11) Ealy's criminal history includes arrests and convictions for felony drug trafficking offenses. Doc. 1 at 4-6; Doc. 1 at 8-13.

These facts permit the Court to reasonably infer a substantial connection between the Property and the violations which the Government alleges, therein warranting forfeiture of the Property as proceeds or property intended to be used to commit, attempt, and/or conspire to other violations of 21 U.S.C. § 841(a) and 18 U.S.C. § 1952.

### C. *Lindsey* Factors

The Court of Appeals for the Fifth Circuit has delineated factors a district court may consider in determining whether to grant a default judgment:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Here, consideration of these factors weighs in favor of the Court entering a default judgment.

In this case, there are no disputed material issues of fact since Potential Claimants are in default. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Potential Claimants' failure to respond

6

threatens to halt the adversary process and "effectively prejudice[s] Plaintiff's interests." *United States v. Holland*, No. 3:17-CV-0938-B, 2018 WL 354542, at *2 (N.D. Tex. Jan. 10, 2018) (Boyle, J.) (citation omitted). Third, the grounds for default are clearly established because, as discussed above, "all potential claimants were legally and properly notified of their right to file a claim to the Property, the deadline for doing so[,] and the consequences of failing to do so, as required by the Federal Rules of Civil Procedures and the Supplemental Rules." *United States v. Real Prop. Known as 2430 Gibbs Williams Rd.*, No. 3:15-CV-3996-L-BK, 2017 WL 744687, at *4 (N.D. Tex. Jan. 10, 2018) (Toliver, J.), *adopted by* 2017 WL 735487 (N.D. Tex. Feb. 23, 2017). Fourth, there is no evidence before the Court to indicate that the Potential Claimants' silence is the result of a "good faith mistake or excusable neglect." *See United States v. Garza*, No. 3:19-CV-0188-S, 2019 WL 4452147, at *3 (N.D. Tex. Aug. 22, 2019) (Ramirez, J.) (finding that it is the defendant's duty to offer evidence to show his failure to answer was in good faith or excusable). Fifth, entry of a default judgment will not be unusually harsh as the Government only seeks the relief it is entitled to under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). *See United States v. Villalon*, No. 3:17-CV-0522-B, 2017 WL 4409028, at *2 (N.D. Tex. Oct. 4, 2017) (Boyle, J.) (finding that the harshness of a default judgment is mitigated when a plaintiff seeks only the relief the law provides). Sixth, "the Court is not aware of any facts that would give rise to 'good cause' to [obligate the Court to] set aside the default if challenged by Defendant." *Id.* (citing *Lindsey*, 161 F.3d at 893).

### IV. CONCLUSION

Based on all of the foregoing, the *United States' Unopposed Motion for Default Judgment and Final Judgment of Forfeiture*, Doc. 10, should be **GRANTED**, and a judgment declaring that any and all right, title, and interest in the Property is **FORFEITED** to the United

States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6), should be entered.

**SO RECOMMENDED** on June 23, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).